IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KOURTNEY E. PREWITT | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-6290 |
| | : | |
| TRUIST BANK, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **September 3, 2026**

Plaintiff Kourtney Prewitt brings this action against Defendants Truist Bank ("Truist"), Experian Information Solutions, Inc., Transunion LLC, and Equifax Information Services, LLC, alleging Defendants violated the Fair Credit Reporting Act ("FCRA") by reporting fraudulent charges on her credit reports. Truist has moved to dismiss the complaint for lack of general or specific personal jurisdiction because it is not "at home" in Pennsylvania and the current dispute does not arise out of the contacts it has with the Commonwealth. Prewitt opposes motion, arguing Truist consented to personal jurisdiction under Pennsylvania's consent-by-registration law. In reply, Truist raised a Dormant Commerce Clause challenge to Pennsylvania's law. The Court finds it has proper consent jurisdiction over Truist and rejects its Dormant Commerce Clause argument.

**BACKGROUND**

The complaint alleges Prewitt had a credit card with Truist which had an inflated balance due to thousands of dollars of fraudulent purchases. Compl. ¶ 4, ECF No. 1. Despite acknowledging the fraud, Truist continued to report to three credit bureaus that Prewitt's balance was past due. *Id.* at ¶ 5.

Truist is a foreign corporation registered to do business in Pennsylvania with branches throughout Philadelphia. *Id.* at ¶ 10. Truist is incorporated under the laws of Noth Carolina and maintains its principal place of business in Charlotte, North Carolina. *See* Def.'s Mot. Dismiss 6, ECF No. 23. Prewitt resides in Springfield, Missouri. Compl. ¶ 9.

On December 19, 2025, Truist filed a motion to dismiss the complaint for lack of personal jurisdiction.[1] On December 24, 2025, Prewitt filed a response. On December 31, 2025, Truist filed a reply. On February 10, 2026, Prewitt filed a sur-reply with leave of the Court.

**LEGAL STANDARD**

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the Court's jurisdiction over the moving defendants. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Id*. (citation omitted). "Unlike a Rule 12(b)(6) motion, the Court's review of a Rule 12(b)(2) motion is not limited to the face of the pleadings, and the Court may rely on sworn affidavits submitted by the parties or other competent evidence that supports jurisdiction." *Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 463 (E.D. Pa. 2019) (citing *Patterson by Patterson v. F.B.I.*, 893 F. 2d 595, 603-04 (3d Cir. 1990)).

**DISCUSSION**

Truist asserts Prewitt's complaint should be dismissed for lack of personal jurisdiction because Pennsylvania courts cannot assert general or specific personal jurisdiction in this case. The Court will deny the motion because Truist had consented to personal jurisdiction in Pennsylvania by registering to do business in the Commonwealth, waived its Dormant Commerce Clause challenge to Pennsylvania's consent-by-jurisdiction statute, and failed to prove its constitutional claims.

Personal jurisdiction can be satisfied in three ways: general jurisdiction, specific jurisdiction, or consent to jurisdiction. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 137-39 (2023).

---

[1] The remaining defendants answered the Complaint. *See* ECF Nos. 14, 20, 21.

Truist correctly argues general and specific personal jurisdiction cannot be asserted over it in this case.[2] But Truist has consented to jurisdiction in this case by registering to do business. "Pennsylvania law is explicit that 'qualification as a foreign corporation' shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation, just as they can over domestic corporations." *Id.* at 134 (quoting 42 Pa. Cons. Stat. § 5301(a)(2)(i)). Under this system, when an out-of-state company registers to do business in Pennsylvania, it consents to general personal jurisdiction here. Because Truist registered to do business in the Commonwealth, Truist has consented to the Court's personal jurisdiction.

Truist argues it falls outside this statute because it is a bank. While Truist is correct that, as an interstate bank, it was not required to register as an out-of-state business in Pennsylvania,[3] it still chose to do so. The law is clear that Pennsylvania can assert personal jurisdiction over a

---

[2] General personal jurisdiction applies to a corporation where it is at home. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). A corporation is at home in its place of incorporation and headquarters. *Id.* The Supreme Court has indicated a company can be subject to general jurisdiction outside of these two locations, but this is a rare exception. *BNSF Ry. v. Tyrrell*, 581 U.S. 402, 413 (2017) (noting an exception when "war had forced the . . . corporation's owner to temporarily relocate the enterprise from the Philippines to Ohio"). Truist is incorporated and headquartered in North Carolina. As such, it is not home in Pennsylvania, and the Court cannot assert general jurisdiction over it on that basis.

For specific personal jurisdiction to apply, a company must have enough minimal contacts with the state, and the lawsuit must arise out of or relate to those contacts. *Ford*¸ 592 U.S. at 359-60. Truist does have bank branches, employees, and operations in Pennsylvania. But Prewitt's claims do not arise out of those actions. She lives in Missouri and did not open her account in Pennsylvania. The Court is therefore unable to assert specific jurisdiction over Truist here.

[3] The registration requirement is set forth in 15 Pa. Cons. Stat. § 411, which provides "[e]xcept as provided in section 401 (relating to application of chapter) . . . , a foreign filing association or foreign limited liability partnership may not do business in this Commonwealth until it registers with the department under this chapter." 15 Pa. Cons. Stat. § 411. Section 401 states the term "foreign filing association" or "foreign association" does not include interstate banks. *Id.* § 401. An interstate bank is defined as "a banking institution existing under the laws of another state, the District of Columbia or a territory or possession of the United States and authorized to engage in the business of receiving demand deposits or a national bank having a head office in another state." 7 Pa. Stat. Ann. § 102. Truist appears to fall under this exemption from Pennsylvania's registration requirement.

registered foreign corporation. 42 Pa. Cons. Stat. § 5301(a)(2)(i). The law makes no distinction between foreign corporations that registered pursuant to statutory requirements and those that registered completely voluntarily. Because Truist is registered as a foreign corporation, it has consented to personal jurisdiction in Pennsylvania. *Blade v. Sig Sauer, Inc.*, 826 F. Supp. 3d 627, 632 (E.D. Pa. 2026) (finding an out-of-state corporation consented to jurisdiction when it registered in Pennsylvania despite not being compelled by law to do so).

Truist additionally asserts Pennsylvania's consent-by-registration jurisdiction law violates the Dormant Commerce Clause. This argument fails because Truist waived this issue by raising it in a reply brief and has failed to demonstrate that Pennsylvania's law discriminates against out-of-state business or substantially burdens interstate commerce.

First, Truist raised this constitutional issue for the first time in its reply brief supporting its motion to dismiss. Because Truist raised this argument for the first time in a reply brief, the argument is waived.[4] *Jaludi v. Citigroup*, 933 F.3d 246, 256 (3d Cir. 2019) ("Because [defendant] failed to invoke the provision until its reply brief in the District Court, we deem this argument waived."); *Williams v. Amazon, Inc.*, 573 F. Supp. 3d 971, 975 (E.D. Pa. 2021) (collecting cases).

Even if the argument was not waived, it lacks merit because Truist has not shown Pennsylvania's consent registration jurisdiction law violates the Dormant Commerce Clause as

---

[4] In addition to raising this constitutional challenge for the first time in its reply, Truist Bank failed to comply with Federal Rule of Civil Procedure 5.1's notice requirements. Rule 5.1 states: "A party that files . . . [any] paper drawing into question the constitutionality of a . . . state statute must promptly . . . file a notice of constitutional question stating the question and identifying the paper that raises it, if . . . a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity." Fed. R. Civ. P. 5.1(a). The challenging party must also "serve the notice and paper . . . on the state attorney general . . . either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose." *Id.* Compliance with this requirement, however, "does not forfeit a constitutional claim or defense that is otherwise timely asserted" so the Court does not base its decision on this Rule. Fed. R. Civ. P. 5.1(d).

applied to it.[5] "[A]n as-applied attack . . . does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (quoting *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010)).

As this Court has previously found, Pennsylvania's consent-by-registration statute does not discriminate against interstate commerce. *Lilly v. Ryobi*, No. 25-939, 2026 WL 2364239, at *4-9 (E.D. Pa. Aug. 13, 2026). Truist has also provided no evidence of how the statute burdens interstate commerce. Even if it had, the burden created by the consent-by-registration statute as applied to out-of-state businesses like Truist is not substantial. Plainly, there is no Dormant Commerce Clause violation when a party voluntarily consents to state personal general jurisdiction when it is under no legal obligation to do so.

**CONCLUSION**

Because Truist consented to personal jurisdiction in Pennsylvania by registering to do business in the Commonwealth, the motion to dismiss for lack of personal jurisdiction will be denied. An appropriate order follows.

---

[5] Truist is not explicit as to what type of constitutional challenge it is bringing. But if it did attempt to bring a facial challenge, the challenge would fail. "A party asserting a facial challenge 'must establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Under this type of challenge, Truist must show Pennsylvania's consent-by-registration statute "is unconstitutional in all of its applications." *Id.* (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008)). It is clear Pennsylvania's consent jurisdiction regime has constitutional uses. *See, e.g.*, *Mallory*, 600 U.S. at 162-63 (Alito, concurring) ("A State certainly has a legitimate interest in regulating activities conducted within its borders, which may include providing a forum to redress harms that occurred within the State. A State also may have an interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." (internal citations and quotation marks omitted)).

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.